J-A08011-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| TIMOTHY A. MOHNEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMERICAN GENERAL LIFE | : | No. 760 WDA 2018 |
| INSURANCE COMPANY, AS | : | |
| SUCCESSOR BY MERGER TO | : | |
| AMERICAN GENERAL ASSURANCE | : | |
| COMPANY, AS SUCCESSOR IN | : | |
| INTEREST TO U.S. LIFE CREDIT | : | |
| INSURANCE COMPANY | : | |

Appeal from the Judgment Entered May 14, 2018
In the Court of Common Pleas of Armstrong County
Civil Division at No(s):  1995-0764-Civil

BEFORE:  PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY PANELLA, P.J.:　　　　　　**FILED OCTOBER 10, 2019**

Timothy A. Mohney, appeals from the judgment entered after the trial court entered a non-jury verdict against Mohney's insurance bad faith claims against Appellee, American General Life Insurance Company ("American"). Mohney had sued American as a successor company to U.S. Life Credit Insurance Company ("U.S. Life"), based upon allegations of insurance bad faith against U.S. Life. The trial court ruled that Mohney had failed to carry his burden of proving the claims by clear and convincing evidence.  Mohney raises six issues on appeal, which can be loosely grouped into two categories: (1) challenges to the trial court's decisions on discovery matters, and (2)

challenges to the trial court's evidentiary rulings. After careful review, we affirm.

The torturous course of the proceedings before the trial court were protracted and problematical. Mohney's original complaint involved multiple claims based upon numerous theories and was dismissed after U.S. Life filed preliminary objections. After the trial court granted, in part, U.S. Life's preliminary objections to Mohney's first amended complaint, Mohney filed a second amended complaint, which forms the basis for the proceedings currently under review.

After this Court twice remanded this case to the trial court for further proceedings, the only remaining issue is based upon Mohney's claim that U.S. Life exercised bad faith in denying his claim for total disability benefits under his insurance policy with U.S. Life. This claim had been twice dismissed by the trial court, once pre-trial and another after trial. In both instances, this Court reversed and remanded for further proceedings

A second bench trial was held in September 2017, presided over by then Senior Judge William J. Ober (retired). Senior Judge Ober entered a verdict following the trial, finding that Mohney did not prove that U.S. Life, American's predecessor, had knowingly or recklessly "disregarded the lack of a reasonable basis for its" denial and termination of the payment of credit disability benefits. Adjudication and Verdict, 12/20/17 at 2-3.

After Mohney's filed post-trial motions, the case was reassigned to the Honorable Chase G. McClister of the Court of Common Pleas of Armstrong County, Pennsylvania, because Senior Judge Ober had retired. On May 4, 2018, Judge McClister denied the post-trial motions. Later, Judge McClister filed a comprehensive Memorandum Opinion, comprised of 16 pages, on July 20, 2018, fully explaining the reasons supporting Senior Judge Ober's verdict.

Appellant raises six issues on appeal:

1. Reversal of discovery sanctions tends to make it more advantageous for the offending party to withhold information. Instantly, long after expert witness disclosures were required, just before trial, Defendant disclosed its insurance expert. The first trial judge found Defendant's offending conduct was willful, intentional and ongoing, striking Defendant's insurance expert. After appeal and remand, Defendant sought reversal of the discovery sanctions, which the third trial judge granted. Was it error for the third trial judge to reverse the sanctions entered by the first trial judge?

2. An insurer must have a reasonable basis to terminate disability benefits. This Court previously determined that Defendant unreasonably relied upon an equivocal medical opinion to terminate Mohney's [d]isability [b]enefits. Defendant's expert rejected this finding by opining that reliance on the equivocal medical opinion was proper according to industry standards. The [t]rial [c]ourt accepted this testimony and found that Defendant did not act recklessly or with a knowing disregard of its lack of a reasonable basis. Did the trial court err in finding that Defendant's reliance upon the equivocal medical opinion complied with industry standards?

3. During claims handling, if an insurer makes misrepresentations to the insured, the insurer violates industry standards. The misrepresentations are evidence

that the investigation of the claim was neither honest nor objective. This Court determined that Defendant made misrepresentations to the insured during the investigation. The trial court determined that Defendant's claims handling complied with industry standards and therefore Defendant's conduct could neither be reckless nor knowing. Did the trial court err?

4. Expert Opinions must be supported by credible facts and not be based upon speculation. Defendant's expert opined that Defendant met industry standards by providing adequate training on legal interpretations of policy terms, and by providing the adjusters with direction as to when they should seek guidance (i.e., legal research) from the available staff attorneys. Defendant's expert relied upon the adjuster's testimony. The adjuster's testimony about training was vague and superficial. Did the trial court err by relying upon the unsupported opinion of Defendant's expert?

5. The analysis of an insurer bad faith claim is dependent on the conduct of the insurer, not its insured. Instantly, this Court held: "on remand, evidence of Mohney's post-denial conduct should not be admitted." During the second bad faith trial, Defendant was permitted, over Plaintiff's objection, to introduce evidence of post-denial conduct of the Plaintiff. Did the trial court err by admitting evidence which this court previously determined to be inadmissable?

6. A reasonable investigation to determine whether a claim should be paid requires the insurer to review all available information whenever it is received. Bad faith conduct can occur before, during, and after litigation. Plaintiff sought discovery to learn what investigation Defendant conducted on the disability claim based upon information the insurer received after the breach of contract claim was filed, litigated, and appealed. The trial court refused to compel Defendant to respond to this requested discovery. Did the trial court err?

Appellant's Brief, at 5-6 (footnote omitted).

In reviewing the outcome of a nonjury trial, we are limited to determining whether the trial court's factual findings are supported by competent evidence, and whether the court properly applied the pertinent law. *See Prestige Bank v. Investment Properties Group, Inc.,* 825 A.2d 698, 700 (Pa. Super. 2003). "[A]bsent an abuse of discretion, the reviewing court is bound by the trial court's credibility determinations." *De Lage Landen Financial Services, Inc. v. M.B. Management Co., Inc.*, 888 A.2d 895, 898 (Pa. Super. 2005). Those findings must be afforded the same weight and effect as a jury verdict and will not be disturbed on appeal absent an error of law or an abuse of discretion. *See Prestige Bank*, 825 A.2d at 700.

After a thorough and meticulous examination of the record, and a careful review of the briefs, we find that the Adjudication and Verdict of December 20, 2017, the Order of May 4, 2018, and the Memorandum Opinion of July 20, 2018, adequately address all of the issues raised by the Appellant, and are more than sufficiently supported in the record. Therefore, we affirm on the basis of the aforesaid decisions by the trial court.

Judgment Affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/10/2019

- 5 -

Filed 6/18/2018 2:38:00 PM Superior Court Western District
760 WDA 2018

**IN THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY, PENNSYLVANIA**

TIMOTHY A. MOHNEY,               )
           Plaintiff,             )
                         )
          vs.                    )
                         )    No. 1995-0764-CIVIL
AMERICAN GENERAL LIFE INSURANCE )
COMPANY, as successor by merger )
to AMERICAN GENERAL ASSURANCE   )
COMPANY, as successor in        )
interest to U.S. LIFE CREDIT    )
INSURANCE COMPANY,              )
           Defendant.             )

## ADJUDICATION and VERDICT

AND NOW, this _____20th_____ day of December, 2017, after non-jury trial of Count VI of Plaintiff's Second Amended Complaint claiming bad faith under 42 Pa. Cons. Stat. Ann. § 8371, as remanded by the Superior Court of Pennsylvania, I find as follows:

1)    The legal standard for bad faith has been set forth by our Supreme Court in *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017)(citing *Terletsky v. Prudential Property & Cas. Ins. Co.*, 649 A.2d 680 (Pa. Super. Ct. 1994)).  In order to recover in a bad faith action, the plaintiff must present clear and convincing evidence 1) that the insurer did not have a reasonable basis for denying benefits under the policy, and 2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis for denying benefits under the policy.

2) The parties have stipulated that the first element of that standard has been satisfied as a matter of law.[1]

3) I considered all of the evidence and testimony presented at trial. I reviewed this in light of each of the parties' suggested findings of fact and conclusions of law.

4) At the remanded bad faith trial, unlike at the previous bad faith trial, each party presented expert testimony regarding knowing or reckless disregard of a reasonable basis to terminate benefits. I find that U.S. Life's expert, Barbara J. Sciotti, was well-qualified in insurance claims management and offered more credible testimony than that of the Plaintiff's expert witness, John A. McCandless, Esq. She opined, *inter alia*, as follows:

a. U.S. Life had provided Mr. Carroll with adequate training and support with regard to claims adjusting practices;

b. Mr. Carroll complied with industry practice; and

c. U.S. Life did not place its own interests ahead of those of Plaintiff.

NOW THEREFORE, the Court finds that Plaintiff has failed to prove, by clear and convincing evidence, that U.S. Life knew of

---

[1] Although the Superior Court of Pennsylvania appears to have concluded, and the parties have stipulated, that the first prong of the bad faith standard has been satisfied, it would otherwise be the appropriate responsibility of this Court to make the factual determination of whether a reasonable basis existed for U.S. Life's denial of benefits. *See Rancosky*, 170 A.3d at 377.

or recklessly disregarded the lack of a reasonable basis for its determination. The Court hereby **DIRECTS** the Prothonotary to enter judgment in favor of Defendant, and against Plaintiff, on Count VI of the Second Amended Complaint. It further is **ORDERED** that Plaintiff's requests for punitive damages and attorneys' fees be and hereby are **DISMISSED**, as moot.

By the Court:

William J. Ober, S.J.

# IN THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY, PENNSYLVANIA

TIMOTHY A. MOHNEY,                     )
               Plaintiff,            )
                      )
                      )
    vs.                              )
                      )   No. 1995-0764-CIVIL
AMERICAN GENERAL LIFE               )
INSURANCE COMPANY, as successor )
by merger to AMERICAN GENERAL    )
ASSURANCE COMPANY, as successor )
in interest to U.S. LIFE CREDIT     )
INSURANCE COMPANY,                   )
              Defendant.          )

2018 MAY -4 PM 3:32

BRENDA C. GEORGE
PROTHONOTARY AND
CLERK OF COURTS
ARMSTRONG COUNTY, PA

LEFT FOR ENTRY OR FILING

## ORDER

AND NOW, this __4th__ day of May, 2018, upon consideration of Plaintiff's Motion for Post-trial Relief, Defendant's response in opposition thereto, and the briefs and argument of the parties, and having reviewed the entire record in this matter, including the proposed findings of the parties and the trial transcript, the Court makes the following conclusions:

1.    There was no error or abuse of discretion in the Court's permitting Defendant's expert, Barbara J. Sciotti, to testify regarding whether U.S. Life knowingly or recklessly disregarded the lack of a reasonable basis for terminating benefits.

2.    There was no error or abuse of discretion in the Court's finding Ms. Sciotti's testimony more credible than Plaintiff's expert, John A. McCandless, Esq., on the issue of whether U.S. Life knowingly or recklessly disregarded the lack of a reasonable basis for terminating benefits.

3.      There was no error or abuse of discretion in the Court's finding that Plaintiff did not present clear and convincing evidence that U.S. Life knowingly or recklessly disregarded the lack of a reasonable basis for terminating benefits. The Court considered all of the evidence presented, including the *de novo* testimony of the claims handler, Mr. Carroll, and made credibility determinations. There was evidence in the record indicating, and the Superior Court previously held, that U.S. Life lacked a reasonable basis for terminating benefits, and its communications with both Dr. Miller and Plaintiff contained certain omissions and inaccurate statements of fact. This evidence, if considered alone, would be suggestive of a knowing or reckless disregard. When considered in light of the entire record, including the testimony of Ms. Sciotti and Mr. Carroll, it fell short of clear and convincing evidence, i.e., evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy of the truth of the precise facts in issue. *See Berg v. Nationwide Mutual Ins. Co.*, ____ A.3d ____ , 2018 WL 1705274, at *4 (Pa. Super. Ct. April 9, 2018)(citing *Grossi v. Travelers Pers. Ins. Co.*, 79 A.3d 1141, 1165 (Pa. Super. Ct. 2013)). Thus, there was no error or abuse of discretion in the Court's finding that Plaintiff had failed to carry this high burden of proof.

NOW THEREFORE, on these bases, it is **ORDERED** that Plaintiff's Motion for Post-trial Relief be and hereby is **DENIED.**

By the Court:

*Chase G. McClister*

Chase G. McClister, J.

IN THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY, PENNSYLVANIA

TIMOTHY A. MOHNEY,　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　　vs.　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
AMERICAN GENERAL LIFE　　　　　　)　　　No. 1995-0764-CIVIL
INSURANCE COMPANY as successor )
by merger to AMERICAN GENERAL　)
ASSURANCE COMPANY, as successor )
in interest to U.S. LIFE CREDIT　　)
INSURANCE COMPANY,　　　　　　　)
　　　　　　　Defendant.　　　　　　　)

# <u>1925(a) MEMORANDUM</u>

2018 JUL 20 PM 1:29

BRENDA C. GEORGE
PROTHONOTARY AND
CLERK OF COURTS
ARMSTRONG COUNTY PA

LEFT FOR ENTRY
OR FILING

IN THE COURT OF COMMON PLEAS OF ARMSTRONG COUNTY, PENNSYLVANIA

TIMOTHY A. MOHNEY, )
     Plaintiff, )
      )
      )
vs. )
      )
AMERICAN GENERAL LIFE )    No. 1995-0764-CIVIL
INSURANCE COMPANY as successor )
by merger to AMERICAN GENERAL )
ASSURANCE COMPANY, as successor )
in interest to U.S. LIFE CREDIT )
INSURANCE COMPANY, )
     Defendant. )

# 1925(a) MEMORANDUM

**McClister, J.**

Plaintiff Timothy A. Mohney ("Mohney") appeals from the judgment on the verdict entered on May 14, 2018, in favor of Defendant American General Life Insurance Company, as successor by merger to American General Assurance Company, as successor in interest to U.S. Life Credit Insurance Company ("U.S. Life"). On December 28, 2017, Senior Judge William J. Ober entered an Adjudication and Verdict, after non-jury trial, on Mohney's claim for insurance bad faith, finding that he had failed to carry his burden of proving the claim by clear and convincing evidence. Mohney thereafter filed a motion for post-trial relief on January 5, 2018, which this Court denied on May 4, 2018. Mohney then praeciped for entry of final judgment, which was accomplished on May 14, 2018. Mohney filed his notice of appeal on May 21, 2018, after which the Court directed him to file a Rule 1925(b) Concise Statement within 21 days. He timely complied on June 13,

1

2018. Given the protracted history of this case, its procedural posture, and the several opinions authored in this Court and the Pennsylvania Superior Court, the Court herein will review only those facts and procedural history that are material to the issues raised in the instant appeal.

## A. Procedural History

This case involves an insurance dispute. I am the fourth trial court judge to consider the merits of the bad faith claim. The case originally involved multiple claims sounding in various theories. All counts of Mohney's Second Amended (and still operative) Complaint, filed October 28, 1998, were dismissed except for the breach of contract (Count III) and bad faith (Count VI) claims. Then-President Judge Kenneth G. Valasek found in Mohney's favor on the breach of contract claim by adjudication filed December 27, 2006, and judgment in the amount of $20,772.58 was entered on April 2, 2007. Judge Valasek previously had entered summary judgment on the bad faith claim, which determination was reversed by the Superior Court. *See* Non-precedential Decision, filed July 1, 2008. U.S. Life's subsequent petition for allowance of appeal to the Pennsylvania Supreme Court was denied on December 10, 2008.

After remand, the parties engaged in discovery on the bad faith claim. The first bad faith trial, before Senior Judge Joseph A. Nickleach, occurred in April 2013. Judge Nickleach found in favor of U.S. Life on the bad faith claim, which decision was reversed, and a new bad faith trial ordered, by the Superior Court on May 8, 2015. U.S. Life's subsequent petition for allowance of appeal to the

2

Pennsylvania Supreme Court was denied on December 8, 2015. Approximately five months later, no action on the case having been taken by the parties, specially-assigned Senior Judge William J. Ober scheduled a status conference. After the conference and with the consent of the parties, Judge Ober ordered the case to mediation. The case did not resolve at mediation. Thereafter, the parties engaged in discovery. A case management order was entered on December 21, 2016, setting the dates for trial, the completion of discovery, and additional pre-trial conferences. The case proceeded to trial in September 2017, after which Judge Ober entered his adjudication finding that Mohney had not carried its burden to prove, by clear and convincing evidence, that U.S. Life had knowingly or recklessly disregarded a lack of a reasonable basis for terminating the payment of credit disability benefits. Judge Ober's judicial commission expired on December 31, 2017, after which this Court was assigned to the case. After my disposition of Mohney's post-trial motions, this appeal followed.

B.    Errors Complained of on Appeal

Mohney asserts seven assignments of error on appeal, each of which the Court will address separately.[1]

1.    Compliance with Industry Standards

Mohney argues in his first issue that Judge Ober "erred by finding Defendant met industry standards, when [the Superior Court] previously determined

---

[1] Several of Mohney's issues challenge specific evidentiary and discovery rulings by Judge Ober without identifying the particular testimony or ruling being challenged. The Court has reviewed the entire record and has identified what it believes to be the issues raised on appeal.

3

Defendant unreasonably relied upon an equivocal medical opinion to terminate benefits." First, Judge Ober did not anywhere in his findings determine that the medical opinion provided by Dr. Miller and relied upon by U.S. Life's claims adjuster, Lawrence Carroll, was not unequivocal. Nor did Judge Ober determine anywhere in his findings that U.S. Life's basis for terminating benefits was reasonable. Rather, Judge Ober had before him a narrow and discrete issue, namely, whether Mohney had proven, by clear and convincing evidence, that U.S. Life knowingly or recklessly disregarded a lack of a reasonable basis for its termination decision. Judge Ober expressly acknowledged that the first prong of the bad faith standard already had been met. *See* Adjudication and Verdict, at ¶ 2 n. 1. Thus, at the outset, Mohney's construction of Judge Ober's findings is not accurate.

Judge Ober's express finding was that U.S. Life's expert, Barbara Sciotti, was both well-qualified in insurance claims management and offered credible testimony. Judge Ober did not rely on the opinion of Mohney's proffered expert, John A. McCandless, Esq., which he found to be less credible. Mohney has not challenged that credibility determination on appeal. Even were he to challenge that credibility finding, it was sound in any event. Mr. McCandless has no firsthand experience in first party claims handling, of credit disability claims or otherwise. He has never himself made, in the first instance, a first-party claim determination. All of his experience working directly in the insurance industry amounts to three years with Nationwide Insurance Company, which experience pre-dated the enactment of the

4

bad faith statute and only involved claims that had escalated to litigation. Mr. McCandless has been actively engaged in plaintiffs-side bad faith litigation, although he does, at times, serve as "coverage counsel." Since this case has been filed, and particularly since the prior bad faith trial, Mr. McCandless has instituted new bad faith lawsuits on behalf of plaintiffs. He advertises his practice to include a "special interest in representing people who are the victims of insurance bad faith." He has testified in court as an expert on bad faith in only one other case, in which he was engaged by Mohney's counsel in this case. Thus, Judge Ober's finding that Mr. McCandless's testimony was less credible is both amply supported by the record and not at issue on appeal.

Judge Ober's finding that Ms. Sciotti was qualified and credible also is amply supported by the record. Ms. Sciotti worked directly in the insurance industry as a claims adjuster for many years. She then began a consulting business in which she performs reviews of claims to determine the propriety of insurer conduct. She has maintained this business for approximately 23 years and has reviewed at least 450 cases. She maintains a consistently objective approach to her reviews, having rejected approximately one-half of the cases presented to her, from both insureds and insurers, because she did not believe their position had any merit. She has been qualified as an expert in insurance practices 18 times, and her testimony has never been excluded. She also has been invited by the Pennsylvania Bar Institute to be a presenter and faculty member in presentations and trainings on insurance practices. Ms. Sciotti's business overall has involved more plaintiffs'-side work

5

than defendants'-side work. Mohney has not challenged Ms. Sciotti's credentials on appeal, her knowledge of insurance practices, or her articulation of the standards that apply to determining whether bad faith conduct has occurred.

With regard to compliance with industry standards, Ms. Sciotti reviewed the applicable industry standards at length in her testimony. She explained how a disability claim generally would be reviewed by an adjuster, including the reliance upon a medical opinion. *See* T.T., at 673:25-676:22. She further testified at length why she opined that U.S. Life did not recklessly disregard a lack of a reasonable basis for its termination decision. *See id.* at 678:6-700:20. Nowhere did Ms. Sciotti testify that, in her opinion, Mr. Carroll's reliance on Dr. Miller's most recent report was "reasonable." She specifically declined to answer such a question when it was posed to her by Mohney's counsel. *Id.* at 711:17-22. Rather, she testified that the best information available to an adjuster is that of the insured's treating physician, whose determination is the final and controlling factor in the adjuster's decision as to whether the insured continues to be totally disabled. Ms. Sciotti was cross-examined extensively on this point, including with regard to Mr. Carroll's interpretation of Dr. Miller's opinion. *See id.* at 738:10-747:22. Judge Ober did not err in relying on Ms. Sciotti's testimony that, as of the time he was adjusting Mohney's claim, and based on the information he had available, Mr. Carroll did not act with a knowing or reckless disregard of the fact that his basis for terminating benefits was, as has been determined by the Superior Court, unreasonable.

6

## 2. Superior Court's Determination

Mohney next argues that Judge Ober "erred by relying upon Defendant's expert" because she "rejected the Superior Court's finding" that the medical opinion of Dr. Miller relied upon by Mr. Carroll was equivocal. As already has been discussed, Ms. Sciotti was careful to state that she understood and acknowledged the Superior Court's prior legal determination that Dr. Miller's opinion was equivocal regarding whether Mohney could return to work. *Id.* at 701:1-702:8; 738:10-746:23. Ms. Sciotti did not conclude that the Superior Court had erred or opine regarding the first prong of the bad faith standard. She instead limited her testimony to opining as to whether, considering the applicable industry standards when the benefits decision was made together with the available information about Mohney's disability, U.S. Life, acted knowingly or recklessly. She did not conclude that U.S. Life "could neither be reckless nor have a knowing lack of a reasonable basis" because Dr. Miller's medical opinion was "unequivocal," as Mohney suggests in his concise statement. Instead, she opined that she saw no evidence in the record to suggest that U.S. Life's conduct was knowing or reckless. Judge Ober found that opinion to be credible and relied upon it in finding that Mohney had failed to carry his burden of proof. Judge Ober did not err in relying on this testimony.

## 3. Misrepresentations

Mohney next argues that the court erred in determining that U.S. Life's conduct "complied with industry standards and therefore . . . could neither be reckless nor knowing." Judge Ober did not so conclude. He was well aware of the

7

Superior Court's determination that Mr. Carroll, in his correspondence with Mohney, omitted certain facts or did not include full of explanations of Dr. Miller's opinion. As Mohney has stated in his concise statement, these misrepresentations, which could be innocent, negligent, reckless, or intentional, are evidence that the claim investigation performed by U.S. Life was not honest or objective, especially if they are considered alone. But they are not *compelling* evidence of that fact. This Court noted this distinction in its May 4, 2018, order denying Mohney's post-trial motions. Judge Ober appropriately considered the remainder of the testimony from Mr. Carroll and Ms. Sciotti and determined that U.S. Life did not act knowingly or recklessly in this regard. *See especially* T.T. at 749:17-751:10; 768:22-770:8. The record amply supports those conclusions and Judge Ober did not err in relying on Ms. Sciotti's testimony.

### 4. Mr. Carroll's Training

Mohney argues in his fourth issue that Judge Ober erred in "relying upon the unsupported opinion of Defendant's expert" that Mr. Carroll was adequately trained by U.S. Life because that opinion was not supported by credible facts but, rather, was based on "speculation." Mohney argues that Mr. Carroll's testimony in this regard was "vague and superficial." The Court disagrees.

Ms. Sciotti reviewed three separate pieces of testimony from Mr. Carroll: a deposition prior to the first bad faith trial, his testimony at the first bad faith trial, and his testimony at the second bad faith trial. *See* T.T., at 677:15-21. Mohney has not identified which portions of these pieces of testimony were "vague and

8

superficial." Ms. Sciotti summarized at length the testimony she reviewed and why she believed that Mr. Carroll had received sufficient training, both in writing and orally, regarding how to adjust claims, how to investigate whether there is coverage, and how to go about getting a legal opinion if necessary. *See id.* at 669:2-671:17. She also testified why, in her opinion, a further legal opinion regarding coverage was not necessary in this matter. *Id.* at 681:2-683:23; 706:10-709:3; 710:3-711:10; 754:9-763:16.

Mr. Carroll's testimony regarding his training was clear and direct. *See* T.T., at 382:24-397:6. That training including written memos and other correspondence, seminars, and training on medical terminology. With regard to the availability of legal opinions on policy language or coverage, Mr. Carroll testified that such assistance was available in house at U.S. Life. Judge Ober did not find this testimony to be vague and superficial and further did not find Ms. Sciotti's reliance upon it to be erroneous. The Court discerns no error or abuse of discretion in those findings.

5.    Discovery Sanctions

Mohney next contends that Judge Ober erred in reversing the discovery sanctions imposed in Judge Valasek's March 6, 2013, order. Judge Ober set forth the reasons for lifting the sanctions in his order of March 1, 2017, which were reasonable and valid. He did not err in lifting the discovery sanctions and permitting the presentation of expert testimony by U.S. Life in the second bad faith trial.

9

6.    Evidence of Post-Denial Conduct of the Insured

In this assertion of error, Mohney contends, without citation to the record, that the Court erred in admitting into evidence certain facts regarding his post-denial conduct. Mohney filed a pre-trial motion *in limine* on August 31, 2017, in which he sought to preclude this evidence from trial, relying on the Superior Court's prior determination that such evidence was not relevant to the bad faith question and should not be admitted. Judge Ober ruled on this motion prior to Mohney's testimony, denying it as presented but reserving the right to rule upon objections to as the testimony progressed. T.T., at 508:4-10. To the extent that Mohney's appeal refers to this ruling, it clearly was not an abuse of discretion. A blanket ruling at that point, with no context as to the manner in which the evidence was actually presented, was not an abuse of discretion.

To the extent Mohney challenges specific rulings by Judge Ober, Mohney's post-denial conduct was referenced only in passing at certain points of his testimony. Previously, Mr. Carroll had testified as to the purpose of his denial letter, the six-week window he left open to receive more information, if any, and his intentions had he received information contradicting Dr. Miller's opinion. T.T., at 479:1-23. Not only was this testimony of Mr. Carroll relevant to Judge Ober's understanding of reckless or intentional behavior, but it was not objected to by Mohney's counsel. In fact, counsel followed up with additional questions on the matter. *Id.* at 479:25-480:21. Thus, the Court discerns no error in this portion of the testimony.

10

During Mohney's testimony, he was questioned as to what he remembered regarding the letter sent by Mr. Carroll on February 7, 1995. *Id.* at 582:6-588:16. U.S. Life's counsel then asked whether Mohney had submitted any further information to Mr. Carroll, to which he responded, "no." *Id.* at 588:17-23. After that, counsel asked Mohney why he did not send any further information, to which question Mohney's counsel objected. *Id.* at 588:24-591:4. Judge Ober overruled the objection and Mohney responded, "I don't know." U.S. Life's counsel continued for a period to question Mohney about his contact with his counsel after the benefits had been terminated, to which questioning Mohney's counsel again objected. *Id.* at 591:7-594:21. Judge Ober did not sustain the objection and permitted the question.

To the extent that Mohney's issue on appeal refers to these rulings by Judge Ober, the rulings were not an abuse of discretion and, even if they were, resulted in no prejudice to Plaintiff. Judge Ober heard extensive testimony regarding the circumstances surrounding Mr. Carroll's communication to Mohney that his credit disability benefits would be terminated after a grace period of six weeks, within which Mohney could submit further information in support of his claim. Judge Ober did not focus on and did not consider Mohney's conduct at all, other than to determine what information U.S. Life had available to it prior to the final payment. There are no indications that Judge Ober placed any burden on Mohney or considered his conduct in determining whether U.S. Life acted in knowing or reckless disregard of a lack of a reasonable basis. Thus, the Court concludes that these rulings were not erroneous and, to the extent they were, were harmless.

11

## 7.  Discovery

Mohney finally asserts that the Judge Ober erred when he "refused to compel Defendant to respond" to certain document requests that Mohney propounded regarding U.S. Life's conduct before, during, and after the litigation of the breach of contract claim.  Mohney cites to no particular sets of discovery requests, subpoenas, or orders of Judge Ober that are challenged in this assertion of error.  Thus, the Court again is left to peruse the record and reconstruct the issues that Mohney will present on appeal.

To understand Judge Ober's discovery rulings between the date of remand back to this Court (December 8, 2015), and the second bad faith trial (commencing September 5, 2017), the Court first must review some relevant procedural history. Mohney filed his operative, Second Amended Complaint on October 28, 1998.  After extensive litigation of the claims asserted in that complaint over the next approximately eight years, including two appeals to the Superior Court, only the bad faith claim (Count VI) remained.  Judgment was entered Mohney's favor on the breach of contract claim (Count III) and the remaining claims were dismissed. After remand to this Court after the second appeal, Mohney's counsel filed, on February 19, 2009, a "Motion for Leave to Conduct Discovery in Support of the Bad Faith Claim," which had been reinstated by the Superior Court.[2]  Judge Valasek granted Mohney 120 days' leave to conduct discovery on the bad faith claim by order entered September 4, 2009. Mohney then served written discovery requests, in the

---

[2] Judge Valasek previously had granted U.S. Life summary judgment on this claim on March 28, 2002.

12

form of interrogatories and requests for production of documents, on U.S. Life on September 14, 2009. After an extended period during which Mohney did not receive responses to the discovery requests, he filed a series of motions to compel on November 6, 2009, November 20, 2009, and March 24, 2010, the first two of which Judge Valasek granted. After argument on the third, Judge Valasek entered an order on May 28, 2010, in which he determined that a decision on the motion could not be made until Mr. Carroll's deposition was taken. No further record activity occurred in the case for more than two years thereafter, until Mohney praeciped the case to the pre-trial list on July 31, 2012. Nothing further was presented to the Court regarding written discovery on the bad faith claim.

On April 9, 2013, U.S. Life filed a "Motion in Limine to Preclude or Limit the Testimony of John A. McCandless, or in the Alternative for Leave for Defendant to Submit Rebuttal Expert Testimony," in which it sought in part to exclude testimony from Mr. McCandless on litigation-related bad faith that allegedly occurred years prior. Judge Valasek granted the motion for several reasons, including the fact that litigation-related bad faith had never been pled. *See* Order, 4/10/2013. Mohney then presented, the day before testimony was to begin in the first bad faith trial, a motion to amend his Second Amended Complaint to add allegations of litigation-related bad faith. *See* Proposed Third Amended Complaint, ¶ 95, attached to Motion presented April 12, 2013, and filed April 22, 2013. Judge Valasek denied the motion on April 12, 2013, concluding that the last-minute amendments would add new theories of liability to the case, prejudice U.S. Life, and otherwise be futile.

13

That determination subsequently was not reversed by the Superior Court, and Mohney did not again seek to amend his complaint to add any allegations of litigation-related bad faith.

After remand from the Superior Court, which vacated Judge Nickleach's adjudication on the bad faith claim, Judge Ober set a discovery schedule. Mohney then issued a subpoena to produce documents or things on U.S. Life's former counsel, Stanley A. Winikoff, Esq., in which he sought production of Mr. Winikoff's entire file, including all attorney-client communications, attorney work product, and communications among several involved law firms. U.S. Life filed objections to the subpoena on several grounds, which objections Judge Ober overruled due to U.S. Life's lack of standing. Mr. Winikoff later filed a "certificate of compliance" on March 16, 2017, in which he indicated that his entire file had been turned over to U.S. Life's current counsel and that he objected to the subpoena on the grounds previously asserted by U.S. Life.

In the interim, Mohney also served on U.S. Life a second set of document requests, seeking documents related to U.S. Life's handling of Plaintiff's claim before, during and after litigation of the breach of contract action. U.S. Life produced certain documents in response, lodged objections, and moved for a protective order. Mohney filed a motion to compel on March 20, 2017. Mr. Winikoff's former firm, Dell, Moser, Lane & Loughney, LLC, also filed a motion for protective order. On April 3, 2013, the Court entered three orders that 1) granted U.S. Life's motion for protective order, 2) precluded enforcement of the subpoena

14

issued to Mr. Winikoff and Dell, Moser, Lane & Loughney, LLC, 3) denied Mohney's motion to compel, and 4) dismissed the remaining motion for protective order as moot. *See* Orders, 4/3/2017.[3]

Judge Ober set forth his reasons for denying Mohney's Motion to Compel responses to the second set of document requests in his order entered April 3, 2017. On appeal, Mohney argues that Judge Ober erred when he did not compel U.S. Life to produce additional documents regarding "what investigation [it] conducted on the disability claim based upon information the insurer received after the breach of contract claim was filed, litigated, and appealed." First, as has been set forth above, Mohney had ample opportunity to take discovery on this issue after remand from the Superior Court in 2009. Judge Valasek granted two of Mohney's motions to compel discovery and stayed resolution of the third motion pending Mr. Carroll's deposition. Two years of inactivity then followed, after which Mohney placed the case at issue. He could have sought this exact discovery before the first bad faith trial, and he did not.

Further, to the extent that Mohney argues on appeal that Judge Ober erred in permitting discovery on the issue of litigation bad faith, Mohney has never pled any facts asserting such conduct, except for in the motion to amend that was filed the day before the first bad faith trial. Judge Valasek denied that request and the

---

[3] The Court assumes that Mohney's issue no. 7 does not refer to Judge Ober's ruling on his Motion to Compel Responses to Plaintiff's May 1, 2017, and May 2, 2017, interrogatories. In those interrogatories, Mohney sought discovery of financial information from U.S. Life, including its net worth and the amount of attorneys' fees it had paid to date. *See* Motion to Compel and Order, June 15, 2017.

15

Superior Court did not reverse that ruling. Thus, as of 2017, any additional discovery regarding bad faith conduct during litigation was beyond the scope of the issues raised by Mohney, and Judge Ober appropriately denied the motion to compel. Although Mohney does not indicate the particular document requests to which this issue relates, several of the thirty document requests served on U.S. Life on October 21, 2016, contain duplicative requests for documents already produced years earlier as well requests for the entirety or large portions of defense counsel files. *See* Motion to Compel, 3/20/2017. Given that the issue had not been raised, the overly-broad and generalized document requests, and the fact that Mohney had ample opportunity to seek such discovery many years ago, Judge Ober appropriately denied the motion to compel and precluded the enforcement of the subpoena.

For all of these reasons, I recommend affirmance of the judgment entered May 14, 2018, in all respects.

By the Court:

_____, J.
Chase G. McClister

ARMSTRONG, COUNTY, PA
CLERK OF COURTS
PROTHONOTARY
BRENDA C. GEORGE

2018 JUL 20 PM 1:29

LEFT FOR FILING
OR FILED

16